## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **F.N.**

**No. 22-0319** (Kanawha County 21-JA-190)

## MEMORANDUM DECISION

Petitioner Father S.G., by counsel Carl J. Dascoli Jr., appeals the Circuit Court of Kanawha County's March 29, 2022, order terminating his parental rights to F.N.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Brittney Ryers-Hindbaugh, filed a response in support of the circuit court's order. The guardian ad litem, Sharon K. Childers, filed a response on behalf of the child in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2021, the DHHR filed a child abuse and neglect petition against petitioner and the mother, raising allegations of substance abuse, domestic violence, and medical neglect. The DHHR further alleged that the child reported that she had been sexually abused by her half-brother. Following the child's disclosure, a forensic interview of the child was performed at a local Child Advocacy Center ("CAC"), and the child described the sexual abuse in graphic detail, and further stated that petitioner and the mother knew of the abuse. The parents, however, denied any knowledge of the sexual abuse. The proceedings were continued multiple times due to petitioner's request for paternity testing. Eventually, testing established that petitioner was the biological father of the child, and an amended petition was filed against petitioner alleging that his parental rights to three older children had previously been involuntarily terminated.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

Prior to adjudication, the guardian filed a report with findings and recommendations for the court. The guardian indicated that both F.N. and her half-brother reported that petitioner frequently hit the mother. The guardian also noted that petitioner underwent a psychological evaluation, and that the evaluator gave him an extremely poor prognosis for attaining minimally adequate parenting. The guardian reported that, during his evaluation, petitioner minimized his history of prior termination of parental rights, failed to take accountability for his failure to protect the child from sexual abuse, and denied any substance abuse issues. In fact, petitioner had written a letter to the circuit court wherein he claimed that the child "developed a reputation with [her] school as well as the DHHR of telling fibs."

The circuit court held an adjudicatory hearing in January of 2022. The circuit court noted its consideration of the reports filed by the guardian and the DHHR, that it had watched the child's CAC interview, and that it had read the psychological evaluations. The DHHR presented the testimony of a Child Protective Services ("CPS") worker, who testified regarding the prior involuntary terminations of petitioner's parental rights to other children and the child's disclosures of domestic violence by petitioner. The worker further testified that the child had been medically neglected and, after her removal from petitioner's care, had to have nine teeth removed and several more capped. The CPS worker noted that oral surgery was also scheduled for the child due to the medical neglect. Lastly, the CPS worker noted that petitioner had tested positive for Tetrahydrocannabinol ("THC") at points throughout the proceedings.

Petitioner testified and denied the allegations of domestic violence, drug abuse, and medical neglect and that he had knowledge of the child's sexual abuse. Petitioner admitted to allowing a friend to live in the home with the child despite being aware that the friend was abusing drugs. Petitioner also advised the circuit court that his parental rights to five children, and not just three children as the court believed, had been previously terminated. Following the presentation of evidence, the circuit court took judicial notice of petitioner's prior abuse and neglect proceedings, and adjudicated petitioner as an abusing and neglecting parent "due to [his] prior terminations, domestic violence, dental neglect, and [his] inability to believe [F.N.] and [his] failure to protect [the child] as a result of that inability to believe [his] young daughter."

The court held the final dispositional hearing in March of 2022. A licensed psychologist testified that she had performed a forensic interview of the child and recommended that she be placed in a structured, stable environment to give her an opportunity to develop appropriate coping skills, decrease negative aggressiveness, and to heal. A CPS worker testified and recommended that petitioner's parental rights be terminated. The CPS worker opined that there were no services that could be offered to assist petitioner in correcting the conditions of abuse and neglect given the multiple prior terminations of his parental rights and his continued inability to protect the child. Ultimately, the circuit court terminated petitioner's parental rights upon finding that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination was necessary for the child's welfare.[2] It is from the March 29, 2022, dispositional order terminating petitioner's parental rights that he appeals.

---

[2]The mother's rights were also terminated below. The permanency plan for the child is adoption following her release from treatment.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the court erred in terminating his parental rights where the DHHR produced no evidence to support adjudicating him an abusive and neglectful parent. According to petitioner, the mother testified at her adjudicatory hearing that no domestic violence occurred in the home, that petitioner was a good father, and that the child never disclosed to them that she had been sexually abused. Petitioner further notes that his drug screen results were negative and that the DHHR failed to demonstrate that he had "advance notice" of the child's sexual abuse. As such, absent a showing of abuse and neglect, petitioner argues that his parental rights should not have been terminated. We disagree.

We have held that "[a]t the conclusion of the adjudicatory hearing, the court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected . . . ." *In re F.S.*, 233 W. Va. 538, 544, 759 S.E.2d 769, 775 (2014). Further, we explained that "'clear and convincing' is the measure or degree of proof that will produce in the mind of the factfinder a firm belief or conviction as to the allegations sought to be established." *Id.* at 546, 759 S.E.2d at 777 (citation omitted). Here, evidence presented at the adjudicatory hearing included reports from both the DHHR and the guardian, and witness testimony, and the court noted that it had watched the child's CAC interview and reviewed petitioner's psychological evaluation. The evidence demonstrated that the child reported incidents of domestic violence and sexual abuse in the home (which she claimed petitioner knew about and did nothing to resolve) and that she had extensive dental decay which resulted in nine teeth having to be removed and a scheduled oral surgery. While petitioner relies on the favorable testimony of the mother, the circuit court heard the testimony of all the witnesses and assessed their weight accordingly. Importantly, the mother's parental rights were also terminated during the proceedings below. We decline to disrupt any credibility determination made by the circuit court. *See Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). Moreover, petitioner's own statements established that his parental rights to five

older children had previously been terminated. Having reviewed the evidence, the circuit court adjudicated petitioner based upon his prior terminations, domestic violence, failure to protect the child, and medical/dental neglect. Accordingly, we find that there was sufficient evidence for the circuit court to make such findings.

Because petitioner's sole argument regarding termination is that there was insufficient evidence upon which to adjudicate him of abuse and neglect, his argument necessarily fails given that we find sufficient evidence was presented. We further note that the circuit court made the findings required to terminate parental rights under West Virginia Code § 49-4-604(c)(6), which petitioner does not contest. Moreover, "the [L]egislature has reduced the minimum threshold of evidence necessary for termination where" the parent's parental rights to another child have been terminated involuntarily. *In re Kyiah P.*, 213 W. Va. 424, 427, 582 S.E.2d 871, 874 (2003) (citation omitted). As such, we find no error in the termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 29, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: September 20, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn